UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH E. SMITH, SR., :
:
    Plaintiff :
:
  v. : CIVIL NO. 3:CV-05-1760
:
EUGENE BERDANIER, ET AL., : (Judge Kosik)
:
    Defendants :

# M E M O R A N D U M

    Plaintiff Kenneth E. Smith, Sr., filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2005. At the time, Smith was confined at the Schuylkill County Prison, Pennsylvania. Smith has since been released from prison. Named as defendants are various officials and employees at the prison as well as a county judge, a sheriff, an attorney and three unnamed Schuylkill County Commissioners. Smith proceeds pro se and in forma pauperis in this matter.[1] The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, Smith will be required to file an amended

---

[1] Smith completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the Warden at the Schuylkill County Prison to commence deducting the full filing fee from plaintiff's prison trust fund account.

complaint within fifteen (15) days from the date of this Order.

**Background**

In the caption of the complaint, Smith states that he files this action "on behalf of all inmates past, present and future." He then proceeds to set forth a list of allegations of abuse, conditions of confinement and mistreatment of prisoners at the Schuylkill County Prison. His claims include unsanitary food and eating conditions; inadequate medical care; dirty accommodations, including poisonous spiders; failure to protect inmates from other dangerous or sick inmates; and inadequate access to law books, envelopes and stamps. Smith also complains of overcrowding, lack of showers, interference with mail and physical abuse, in addition to many other claims. In the body of the complaint Smith cites to various inmates who have committed suicide or died while in the prison due to the alleged conditions. Smith seeks declaratory, injunctive, compensatory and punitive relief.

**Discussion**

In order to assert an actionable civil rights claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. E.g., Monell v. Department of Social Serv. of the City of N.Y.U., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989). It is well established that "[a] defendant in a civil rights action

must have personal involvement in the alleged wrongs . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Such allegations, however, must be made with appropriate particularity. See id. Liability may not be imposed under § 1983 on the principle of respondeat superior. Capone, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).

In the instant complaint plaintiff sets forth a laundry list of numerous incidents allegedly occurring at the Schuylkill County Prison. For the most part, he fails to associate any of the claims set forth with any of the defendants. It is not clear which defendants were personally involved with each alleged constitutional deprivation. Further, Smith fails to provide details with respect to when each of the incidents is alleged to have taken place. As the complaint presently stands, it is unclear which defendants have violated what specific constitutional rights and when they are alleged to have done so.

Many of the claims do not relate to plaintiff, but rather are with regard to other inmates in the Schuylkill County Prison. While in the caption of his complaint plaintiff states that he is also filing this action on behalf of all inmates past, present and future, he has not sought and been granted class certification in this matter. As such, it is improper to permit him to assert claims on behalf of the proposed class since he lacks standing to do so. See Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) ("While helping one's fellow citizen is an admirable goal, the Constitution limits federal court jurisdiction to

review of 'actual cases or controversies' in which the plaintiff has a 'personal stake' in the litigation."). As such, plaintiff will only be permitted to pursue this action on an individual basis.[2]

Further, it is apparent that plaintiff is no longer subject to the conditions he challenges in that he is no longer confined at the Schuylkill County Prison. It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459, n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also, Weaver v. Wilcox, 650 F.2d at 27 ("a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."). Accordingly, because plaintiff is no longer confined at the Schuylkill County Prison and has notified the court of his release, his claims for injunctive relief will be dismissed.

Plaintiff will be directed to submit an amended complaint which complies with Federal

---

[2] Further, only plaintiff submitted the required in forma pauperis and Authorization forms necessary to proceed in forma pauperis in this matter. The Administrative Order that was issued in this action on September 14, 2005, was only with regard to plaintiff. (Doc. 9.)

4

Rules of Civil Procedure 8, 10 and 20(a).  He is reminded that the "amended compliant must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations.  E.g., Rizzo v. Goode, 423 U.S. 362, 370-73 (1976).  It should specify which actions are alleged as to which defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure.  See, Fed. R. Civ. P. 8(e)(1).

Plaintiff is further advised that, when drafting his amended complaint, he must also comply with Fed. R. Civ. P. 10.  Specifically, Fed. R. Civ. P. 10(b) provides, in relevant part, that all claims ". . . shall be made in numbered paragraphs, . . ." Fed. R. Civ. P. 10(b).

With respect to the multiple defendants named and the claims against them contained in the original complaint, the court has found that plaintiff has impermissibly attempted to join all of these defendants and the claims against them in one action, in violation of Fed. R. Civ. P. 20(a). Rule 20(a) provides:

> (a) Permissive joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

5

Fed. R. Civ. P. 20(a).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's amended complaint should be limited with respect to only those defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all defendants and claims. Plaintiff should file separate actions as to defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

Finally, plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, the instant action may be dismissed. An appropriate Order will be entered.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH E. SMITH, SR.,                  :
                                        :
    Plaintiff                           :
                                        :
  v.                                    :   CIVIL NO. 3:CV-05-1760
                                        :
EUGENE BERDANIER, ET AL.,               :   (Judge Kosik)
                                        :
    Defendants                          :

## O R D E R

**NOW, THIS 21st DAY OF DECEMBER, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff shall file an amended complaint in this action in accordance with the above within fifteen (15) days.

2. The amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint". The Clerk of Court shall forward to plaintiff two (2) blank § 1983 civil rights complaint forms for plaintiff's use in filing an amended complaint.

3. The failure to timely file the amended complaint may result in a dismissal of this action.

                                        s/Edwin M. Kosik
                                      United States District Judge